United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>ALAN CHARLES TINKER,<br><br>    Defendant. | Case No. 11-CR-00090-LHK-1<br><br>**ORDER REGARDING SENTENCING**<br><br>Re: Dkt. Nos. 635, 698 |

Defendant Alan Charles Tinker ("Tinker") is currently serving a 180-month sentence for his November 29, 2012 conviction for conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1),(b)(1)(A)(viii). ECF Nos. 244, 398. Tinker has filed two letters with the Court requesting information regarding his sentencing. In his February 14, 2017 letter, Tinker states that there were "differences between what was said in Court by the Judge, and what was actually done on paper." ECF No. 698. Specifically, Tinker states that there are two aspects of his sentence that may have been erroneous. First, Tinker claims that he was sentenced as a career offender even though Tinker believes that during his sentencing, the Court stated that Tinker would not be sentenced as a career offender. Second, Tinker believes that his federal sentence should have run concurrently with his state court sentence. These two

issues are closely intertwined, and therefore the Court addresses them together.

The judgment, the statement of reasons, and the transcript of the sentencing for Tinker all confirm that Tinker was in fact sentenced as a career offender. Under the United States Sentencing Guidelines, "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." United States Sentencing Commission Guidelines Manual ("Sentencing Guidelines") § 4B1.1. At Tinker's sentencing, the Court correctly concluded that Tinker met these criteria. Sentencing Transcript at 5. Tinker was over eighteen years old when he committed the offense for which he was convicted. The offense for which Tinker was convicted, Conspiracy to Distribute 50 Grams or More of Methamphetamine, was a controlled substance offense. Tinker also had at least two prior felony convictions for controlled substance offenses. At sentencing the Court specifically mentioned Tinker's October 2001 conviction for possession for sale of methamphetamine and Tinker's September 2005 conviction for possession of methamphetamine for purposes of distribution or sale. *Id.* at 3. Therefore, Tinker met the three criteria for classification as a career offender.

Because the Court determined that Tinker was a career offender, the Court looked to § 4.B of the Sentencing Guidelines, entitled "Career Offenders and Criminal Livelihood," to determine Tinker's sentence. *Id.* Taking into account a sentencing enhancement based on Tinker's status as a career offender, as well as a sentencing reduction based on Tinker's acceptance of responsibility, the Court correctly determined that under §4.B, the recommended sentencing range for Tinker was 262 to 327 months. *Id.* at 4.

However, under Tinker's binding plea agreement, the Government recommended a sentence of only 180 months. This is 82 months below the low end of the Sentencing Guidelines range. ECF No. 343 at ¶ 8. The Court agreed to impose a 180 month sentence. Sentencing Transcript at 12–13.

According to the plea agreement, the 180 month sentence was supposed to run consecutively with Tinker's state court sentence for which Tinker was already imprisoned. ECF No. 343 at ¶ 8. At the time of his federal sentencing, Tinker had 10 months left on his state court sentence, and therefore if the 180 month sentence had run consecutively, Tinker would have remained in prison for 190 months. Sentencing Transcript at 7.

The Government's belief that the 180 month sentence should run consecutively with Tinker's state court sentence was based on the Government's interpretation of § 5G1.3 of the Sentencing Guidelines. Specifically, § 5G1.3(b) allows the federal sentence for certain defendants to run concurrently with a state sentence if the state offense is the basis for an increase in the offense level for the federal offense. The Government argued that § 5G1.3(b) did not apply to Tinker because although Tinker's state offense was the basis for an increase in the offense level for his federal offense, § 5G1.3(b) applied only to those defendants whose offense level was calculated under "Chapter Two (Offense Conduct) or Chapter Three (Adjustments)" of the Sentencing Guidelines. Sentencing Transcript at 9. Tinker, on the other hand, was sentenced under Chapter 4, which applies to career offenders. In short, the Government argued that Tinker's sentence could not run concurrently because Tinker was classified as a career offender.

However, when sentencing Tinker, the Court disagreed with the Government's interpretation of § 5G1.3(b). *Id.* at 9–12. The Court ruled that although § 5G1.3(b) did not specifically state that career offenders were entitled to have their sentences run concurrently, § 5G1.3 also did not *deny* that career offenders could be entitled to this benefit. *Id.* The Court stated that if the Court were to impose Tinker's sentence consecutively, the Court would essentially be punishing Tinker twice for the same crime. *Id.* Therefore, the Court decided to impose Tinker's sentence concurrently with his state court sentence even though Tinker was a career offender.

Tinker appears to believe that the Court stated that Tinker would not be sentenced as a career offender. This is wrong. Instead, the Court stated that even though Tinker was a career offender, "I think that [a] career criminal should be treated just like any other criminal in §

3

Case No. 11-CR-00090-LHK-1
ORDER REGARDING SENTENCING

5G1.3." *Id.* at 18. In other words, the Court decided that Tinker's sentence should run concurrently *despite the fact* that Tinker was a career offender. Therefore, the Court imposed a sentence of 180 months to run concurrently with Tinker's state court sentence.

To summarize, in his February 14, 2017 letter, Tinker states that there were "differences between what was said in Court by the Judge, and what was actually done on paper." ECF No. 698. However, having reviewed all of the relevant documents, the Court finds that there is only one difference between what was recommended "on paper" and what the Court ordered at the sentencing hearing. Specifically, the plea agreement between Tinker and the Government provided that Tinker's 180 month sentence should be imposed consecutively. However, the Court disagreed with the Government's interpretation of § 5G1.3 of the Sentencing Guidelines and therefore imposed the 180 month sentence concurrently rather than consecutively. In other words, the only discrepancy between to what the parties agreed and recommended "on paper" and what the Court ordered at the sentencing was a discrepancy that worked in Tinker's favor and saved him from an extra 10 months in prison.

For these reasons, the Court confirms that Tinker was properly sentenced as a career offender and that Tinker was not sentenced to consecutive terms, but instead was sentenced to concurrent terms that would require him to remain in prison for 180 months instead of effectively 190 months. To the extent that Tinker's letters can be construed as a motion to modify his sentence, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 24, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge