UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAN CHARLES TINKER,<br><br>Defendant. | Case No. 11-CR-00090-LHK-20<br><br>**ORDER GRANTING COMPASSIONATE RELEASE**<br><br>Dkt. No. 738 |

Defendant Alan Charles Tinker ("Defendant") is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Correctional Institution Great Plains ("CI Great Plains"). Defendant moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), also known as compassionate release. ECF No. 738. The government opposes the motion. ECF No. 742. The United States Probation Office approved Defendant's proposed release plan. ECF No. 743. For the reasons set forth below, the Court GRANTS Defendant's motion.

I.   **LEGAL STANDARD**

18 U.S.C. § 3582(c) allows a court to modify a defendant's "term of imprisonment . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to

appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The statute governing motions for sentence reductions, 18 U.S.C. § 3581(c)(1)(A), requires that courts "consider[] the factors set forth in section 3553(a)." Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

"[A]fter considering the factors set forth in § 3553(a) to the extent applicable," a court may grant the motion to reduce the defendant's sentence in two circumstances. As relevant here, a court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A). The relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons." U.S. Sentencing Guidelines ("U.S.S.G") § 1B1.13(1)(A) & cmt. 1. A defendant fulfills one of the enumerated reasons when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*. § 1B1.13 cmt. 1(A)(ii). The Commission also requires that the defendant not pose a danger to the safety of the community. *Id*. § 1B1.13(2).

## II. DISCUSSION

In analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), courts determine whether a defendant has satisfied three requirements. First, a

2

defendant must exhaust his administrative remedies. Second, a defendant must establish that the § 3553(a) sentencing factors "are consistent with" granting a motion for compassionate release. *United States v. Trent*, Case No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020). Third, a defendant must demonstrate that "extraordinary and compelling reasons"—as defined by the applicable Sentencing Commission policy statement—"warrant . . . a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, the government concedes that Defendant has exhausted his administrative remedies and therefore satisfies the first requirement under Section 3582. ECF No. 742 at 2. Thus, only the second two requirements are at issue in the instant case. Below, the Court first discusses whether Defendant has demonstrated extraordinary and compelling reasons and then discusses the §3553(a) sentencing factors.

Defendant is currently 67 years old. ECF No. 738 at 3. Defendant's age places him at increased risk of hospitalization or death if he were to contract COVID-19, according to the Centers for Disease Control ("CDC"). *See Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited March 26, 2021). Indeed, the CDC website states that 8 out of 10 deaths from COVID-19 reported in the United States have been in adults 65 years and older. *Id*.

Defendant asserts that he suffers from multiple health conditions, including: (1) chronic obstructive pulmonary disease; (2) a bundle branch block on the left side of his heart; (3) Stage 3 Hepatitis C; (4) a 70-millimeter lesion on his liver; (5) a torn rotator cuff; (6) swelling in his legs below the knee, causing numbness and allowing him to stand for only 15 minutes; (7) hypertension; (8) hypothyroidism; (9) arthritis; and (10) depression. ECF No. 738 at 12-14. In addition, a medical report following a January 13, 2020 MRI examination of Defendant indicates that the MRI findings are "suggestive of small vessel disease." *Id.* Exh. 11.

Defendant's Presentence Investigation Report ("PSR") confirms that some of Defendant's health conditions have been longstanding. Defendant's PSR states that at the time of sentencing, Defendant had Stage 3/4 Hepatitis C; an approximately 70-millimeter lesion on his liver "which

was checked by medical professionals and determined to be close to liver failure"; a torn rotator cuff; swelling in his lower right leg and trouble standing for longer than 15 minutes; arthritis; and depression. PSR ¶¶ 123, 125, ECF No. 748.

The CDC states that chronic obstructive pulmonary disease ("COPD") is known to increase an individual's risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 26, 2021). The CDC also states that people with liver disease and hypertension may be at an increased risk of severe illness from COVID-19. *Id.* Furthermore, "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." *Id.*

The government concedes that, according to the CDC, COPD increases a person's risk of severe illness or death from COVID-19, and liver disease and hypertension may increase a person's risk of severe illness or death from COVID-19. ECF No. 742 at 8. The government points out that several of Defendant's conditions, including his left bundle branch block, lesion on his liver, torn rotator cuff, and swelling in his legs, are not identified by the CDC as risk factors that increase or may increase a person's risk of severe illness from COVID-19. *Id*. at 8-9. Even so, courts have held that being over 60 years old with COPD qualifies as "extraordinary and compelling reasons" for compassionate release. *See, e.g.*, *United States v. Gonzalez*, 451 F. Supp. 3d 1194, 1197 (E.D. Wash. 2020) (granting compassionate release because Defendant "is in the most susceptible age category (over 60 years of age) and her COPD and emphysema make her particularly vulnerable"). Thus, the Court finds that Defendant has demonstrated extraordinary and compelling reasons for compassionate release.

As to the § 3553(a) sentencing factors, on November 29, 2012, Defendant pleaded guilty to Count One of the Second Superseding Indictment, which alleged conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. *See* Minute Entry from Change of Plea Hearing, ECF No. 341; Plea Agreement at 1, ECF No. 343; Order Accepting Plea, ECF No. 344. Defendant pleaded guilty pursuant to a

Federal Rule of Criminal Procedure 11(c)(1)(C) binding plea agreement, in which the parties stipulated to a sentence of "180 months imprisonment consecutive to any other term of imprisonment [Defendant] may currently be serving." ECF No. 343 at 5.  In the plea agreement the government agreed to move to dismiss the eight remaining counts in the Second Superseding Indictment against Defendant at the time of sentencing.  *Id*. at 6.

On August 15, 2011, more than a year before Defendant's November 29, 2012 plea of guilty in the instant federal case, the California Superior Court for Santa Cruz County sentenced Defendant to five years prison for a transportation of methamphetamine felony and a possession of methamphetamine for sale felony.  PSR ¶ 91.  Defendant's state court offense conduct was the basis for Count One of the Second Superseding Indictment in the instant federal case.  ECF No. 343 at 5; PSR ¶ 91.  This 180 month sentence was below Defendant's United States Sentencing Guidelines range of 262 to 327 months, but above the ten year (120 month) statutory mandatory minimum term of imprisonment.  PSR ¶ 135.

This case was originally assigned to United States District Judge D. Lowell Jensen and was reassigned to the undersigned judge on October 20, 2015, after Judge Jensen retired.  ECF No. 660.  On March 14, 2013, Judge Jensen sentenced Defendant, who was then 59 years old, to 180 months imprisonment.  ECF No. 398.  Judge Jensen ordered the sentence to run concurrently with Defendant's state court sentence because a consecutive sentence would essentially punish Defendant twice for the same crime.  ECF No. 699.

Defendant was in state custody for his state sentence from February 3, 2011 through November 14, 2011, when Defendant was remanded into federal custody for the instant case.  PSR ¶¶ 24, 91.  Thus, Defendant has been in custody for his concurrent state and federal sentences for 122 months or over 10 years.  For his federal sentence alone, Defendant has already served nine years and four months.  Defendant's projected release date is June 29, 2025.  *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited March 16, 2021).  Defendant has completed about 68% of his federal sentence and more than the 120 month statutory mandatory minimum term of imprisonment.

As for calculating Defendant's criminal history category at the time of his March 24, 2013 sentencing, the following adult criminal convictions were considered: a 2001 possession of controlled substance felony, possession of methamphetamine felony, use or under the influence of controlled substance misdemeanor, possession of marijuana over 28.5 grams misdemeanor, and possession of hypodermic syringes misdemeanor, for which Defendant was sentenced to 36 months of probation; a 2001 transporting methamphetamine felony, for which Defendant was sentenced to 60 months of probation and 180 days of county jail; a 2002 possession of controlled substance misdemeanor, for which Defendant was sentenced to 36 months of probation; a 2002 carrying a concealed dirk or dagger felony, for which Defendant was originally sentenced to 36 months of probation and 300 days in county jail, and later was sentenced to an additional 60 days in county jail following a probation violation; a 2003 possession of hypodermic needle/syringe misdemeanor, for which Defendant was sentenced to 36 months of probation; a 2005 possession of methamphetamine for sale felony, for which Defendant was sentenced to 36 months of probation and 365 days in county jail; a 2009 possession of methamphetamine felony and use or under the influence of controlled substance misdemeanor, for which Defendant was sentenced to 3 years probation to participate in Proposition 36 drug treatment, and later was sentenced to 120 days in county jail following four new arrests, probation violation admission, and deletion of Proposition 36; a 2009 driving while license suspended with prior misdemeanor, for which Defendant was sentenced to 3 years of probation; a 2010 possession of cocaine felony, for which Defendant was sentenced to three years of probation to participate in Proposition 36 drug treatment; and a 2010 driving while license suspended with prior misdemeanor, for which Defendant was sentenced to three years of probation and 30 days of county jail concurrent with another 2010 conviction for the same offense, which was not included in Defendant's criminal history category calculation. *Id.* ¶¶ 79-83, 85-90. Defendant's history score of 16 placed him in criminal history category VI. *Id.* ¶ 94. However, pursuant to United States Sentencing Guidelines Section 4B1.1(a), because Defendant was at least 18 years old at the time of the instant controlled substance felony offense, and Defendant had at least two prior felony controlled substance

convictions, Defendant qualified as a career offender. *Id*. ¶ 73.

In addition, Defendant's PSR notes four adult criminal convictions that were not included in Defendant's criminal history calculation at the time of Defendant's March 14, 2013 sentencing: a 1973 hit and run misdemeanor, for which Defendant was sentenced to twelve months of probation; a 1985 obtain aid by fraud felony, for which Defendant was sentenced to 60 months of probation and 90 days in county jail; a 2004 driving while license suspended misdemeanor for which Defendant performed community service in lieu of a fine; and a 2010 driving while license suspended with prior misdemeanor, for which Defendant was sentenced to 30 days of county jail concurrent with the 2010 conviction for the same offense, which was included in Defendant's criminal history calculation and was discussed above. PSR ¶¶ 77-78, 84, 88. At the time of these offenses, Defendant was 19 years old, 31 years old, 50 years old, and 56 years old, respectively. *Id*.

On the one hand, Defendant's criminal history is serious and demonstrates that Defendant has a longstanding drug addiction. Indeed, in Defendant's PSR, Defendant described himself as a polysubstance abuser and that his drugs of choice were heroin and methamphetamine, but that he has also used opiates, alcohol, marijuana, crack cocaine, barbiturates, LSD, inhalants, and prescription medications including methadone. PSR ¶ 126. Defendant reported that on a daily basis he spent $100 for heroin and methamphetamine. *Id.*

On the other hand, Defendant's instant motion notes that Defendant has remained sober for the last ten years. ECF No. 738 at 23. The government does not dispute Defendant's sobriety nor his good conduct in federal prison for nearly a decade. ECF No. 742 at 12.

Moreover, Defendant's release would be into the custody of the United States Immigration and Customs Enforcement ("ICE"). Defendant's PSR notes that Defendant has an active ICE detainer. PSR at 1. Although the parties dispute Defendant's precise immigration status, and Defendant argues that Defendant will not be deported due to his pending application for certificate of citizenship with US Customs and Immigration Services, Defendant does not contest that Defendant has an ICE detainer.

On balance, the Court concludes that the § 3553(a) factors support granting Defendant's motion for compassionate release. Accordingly, this Court follows other courts that have granted a sentence reduction to defendants with detainers, reduced the defendants' sentences to time served, and ordered that the defendants be released to ICE custody. *See United States v. Guntipally*, No. 16-CR-00189-LHK, 2020 WL 6891827, at *4 (N.D. Cal. Nov. 23, 2020) (collecting cases nationwide).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for compassionate release. Defendant's sentence is reduced to time served. This order is stayed for 14 days to ensure Defendant can be quarantined prior to his release from the Bureau of Prisons. Defendant shall be released as soon as he has completed quarantine. Upon release from the custody of the Bureau of Prisons, Defendant shall enter the custody of the United States Immigration and Customs Enforcement pursuant to Defendant's detainer.

**IT IS SO ORDERED.**

Dated: March 26, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge